Peterson, Justice, dissenting.
Usually, appellate judges dissent because they disagree with some legal conclusion drawn by the majority in its decision. Here, I have no particular disagreement with the majority, except for its ultimate decision to reverse.
As the habeas petitioner, Ebinger bears the burden of proof and must complete the habeas record with relevant records from the trial proceedings. I agree with the majority that, to date, Ebinger has failed to meet that obligation. Nothing in the record before us excuses that failure, so the writ cannot be affirmed. But counsel for the Warden represented at oral argument that the Warden did not object to a remand for additional proceedings before the habeas court on the question of the availability of the store surveillance video evidence admitted at trial. Although not bound by the Warden's concession, I believe we should exercise our discretion to remand this case so that the habeas court may consider in the first instance whether Ebinger's failure to put either of the two store surveillance video recordings into the habeas court record was excusable and then determine anew whether Ebinger is entitled to habeas relief in the light of that finding about the video evidence. I respectfully dissent.
I am authorized to state that Justice Hunstein joins in this dissent.